The issue before us is whether or not petitioner has met the burden of proving that in making entry such good faith was exercised as is required by the statute. *Kachurin Drug Co.* v. *United States*, 26 C. C. P. A. (Customs) 356, C. A. D. 41.

We are not here concerned with the proper value of the goods but with the intent of the petitioner in making entry. The record shows that the importer conferred with the appraiser as to the proper values at which to enter the merchandise and accepted the figures which he understood to be the values acceptable to the appraiser, i. e., an increase of 25 per centum over the invoice values, which amounts he used in his amended entry. We, therefore, find and so hold that the petitioner has met the requirements of satisfactory proof of good faith under the rule established in *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453.

The petition is, therefore, granted and the motion of Government counsel to dismiss the petition because of a failure to make out a *prima facie* case is denied.

### DISSENTING OPINION

DONLON, Judge: The remission which petitioner seeks is authorized by statute only by order of this court on a finding of good faith, a finding in which I cannot join on the record here presented. Such finding should rest on some affirmative evidence and not a mere self-serving declaration.

All of importer's evidence was as to his cooperation with the examiner in amending the unit value of the merchandise, in this case, persian rugs. The unit value, whether in rials or converted into dollars, is not the issue. The entry error that gave rise to the additional duties for which remission is sought is the error—corrected in the appraisement—petitioner made in entering these goods at a rial unit price per square foot, rather than a rial price per zar. The importer's appeal for reappraisement having been abandoned, no issue as to the correctness of this appraisement is before the court. Moreover, in this proceeding for remission of duties, there was no testimony concerning knowledge or understanding on petitioner's part with regard to the zar as the unit of quantity to which the rial value is applicable in valuing persian rugs.

At the close of petitioner's case, respondent moved to dismiss the petition for failure to make a *prima facie* case. For the reasons set forth, the motion should be granted.

**No. 59640.**—A. N. Deringer, Inc. *v.* United States, protests 172436–K, etc. (Ogdensburg).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef or veal similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 59641.**—A. N. Deringer, Inc. *v.* United States, protests 176731–K, etc. (Ogdensburg).

Opinion by Donlon, J. In accordance with stipulation of counsel that the merchandise consists of beef or veal similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 59642.**—Mutual Supply Co. *v.* United States, protest 212352–K (San Francisco).

Opinion by Donlon, J. In accordance with stipulation of counsel that the merchandise consists of seaweed, manufactured, similar in all material respects to that the subject of *United States* v. *Nippon Co. et al.* (32 C. C. P. A. 164, C. A. D. 303), the claim of the plaintiff was sustained.

DECEMBER 30, 1955

**No. 59643.**—Colonial Commerce Co., Ltd., and P. John Hanrahan, Inc. *v.* United States, protest 213293–K.— —C. D. 1734. Motion of Government for rehearing denied.

JANUARY 4, 1956

**No. 59644.**—Suit 4830.—Rogers Peet Co. *v.* United States.— C. A. D. 597.

BEFORE THE THIRD DIVISION, JANUARY 12, 1956

**No. 59645.**—Paul A. Straub & Co., Inc. *v.* United States, protests 160585–K, etc. (New York).

Opinion by Johnson, J. In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiff was sustained.

**No. 59646.**—International Packers Commercial Co., Inc., et al. *v.* United States, protests 237777–K, etc. (New York).

Opinion by Johnson, J. It was stipulated that the issues and facts herein are similar in all material respects to those involved in *United States* v. *Browne*